UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

DANA SETTERS, *et al.*,

    Plaintiffs,

vs.

JOURNEY LITE OF,
CINCINNATI, LLC, *et al.*,

    Defendants.

Case No. 1:15-CV-00487-TSB

Judge Timothy S. Black

**ORDER GRANTING PLAINTIFFS' MOTION TO REMAND (Doc. 12)**

This civil case is before the Court on Plaintiffs' motion to remand (Doc. 12) and the parties' responsive memoranda (Docs. 16, 17).

## I.    BACKGROUND

This case is one of several hundred cases filed in the last few years relating to allegations that Dr. Abubakar Atiq Durrani, an orthopedic surgeon formerly operating in the Cincinnati/Northern Kentucky area, improperly performed hundreds of orthopedic surgeries on patients, without informed consent, by misleading the patients about the need for surgery. Dr. Durrani is not a party in this case, but the allegations that form the claims in this case arise from surgeries that were either directly performed by Dr. Durrani or authorized by him.

This civil action was originally brought in the Hamilton County Court of Common Pleas by Plaintiff on May 15, 2015. (Doc. 5). The Complaint alleges that Defendants, which include a Cincinnati-area outpatient surgery center known as Journey Lite of Cincinnati, LLC ("Journey Lite"), as well as various employees and entities with

1

ownership interest in Journey Lite, violated both the Ohio Consumer Sales Protection Act as well as Ohio Administrative Code 3701-83-07(A)(5) by failing to provide patients with itemized bills for services rendered as required by law.  (*Id.* at 10–12).  Plaintiffs further allege that this lack of clarity was part of a "fraudulent billing" scheme designed to conceal improper activity.  (*Id.*).

Plaintiffs' Complaint was styled as a Class Action Complaint, with the alleged class being "every person who underwent surgery or received medical treatment, during the Class Period, in which Journey Lite was the surgical or medical facility for a patient from the time of their opening in 2007 through the present."  (*Id.* at 10).  An affidavit attached to Plaintiffs' motion to remand states that Plaintiffs' counsel currently represents 42 clients bringing claims against Journey Lite and related defendants.  (Doc. 12-3, at 1).

Defendants removed this action to federal court on July 22, 2015.  (Doc. 1).  Defendants' notice of removal alleged that the Court had jurisdiction under the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. §§ 1332(d).  (*Id.* at 6–8).  Plaintiffs filed a motion for remand on August 26, 2015, challenging this basis for jurisdiction.  (Doc. 12).

## II. STANDARD OF REVIEW

On a motion for remand, the question is whether the district court lacks subject matter jurisdiction.  28 U.S.C. § 1447(c).  Defendants bear the burden of establishing that removal was proper.  *Long v. Bando Mfg. of Am., Inc.*, 201 F.3d 754, 757 (6th Cir. 2000).  Removal raises significant federalism concerns and, for this reason, federal courts must strictly construe such jurisdiction.  *Merrell Dow Pharm. Inc. v. Thompson*, 478 U.S. 804,

2

808 (1986).  Accordingly, a federal court must resolve any doubt of its removal jurisdiction in favor of state court jurisdiction.  *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108-09 (1941).  In other words, the issue is whether the case was properly removed in the first instance.  *Provident Bank v. Beck*, 952 F. Supp. 539, 540 (S.D. Ohio 1996).  Specifically, the issue is whether the plaintiff's well-pleaded complaint asserts a cause of action created by federal law or depends on the resolution of a substantial question of federal law.  *Jordan v. Humana Military Healthcare Serv., Inc.*, No. C-3-06-51, 2006 U.S. Dist. LEXIS 25845, at *1 (S.D. Ohio May 2, 2006).

Removal of an action to federal court based on original jurisdiction is provided for in 28 U.S.C. §§ 1441(a), 1331 as to: "all civil actions arising under the Constitution, laws, or treaties of the United States."  Defendant maintains that Plaintiff's complaint contains a claim "arising under" federal law.

"The 'arising under' gateway into federal court has two distinct portals."  *Eastman v. Marine Mech. Corp.*, 438 F.3d 544, 550 (6th Cir. 2006).  This Court has original jurisdiction if Plaintiff's well-pleaded complaint establishes that either federal law creates the cause of action, or that Plaintiff's right to relief involves the resolution or interpretation of a substantial question of federal law.  *Id.*

The well-pleaded complaint rule provides that "federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint."  *Loftis v. United Parcel Serv., Inc.*, 342 F.3d 509, 514 (6th Cir. 2003) (quoting *Caterpillar Inc. v. Williams*, 482 U.S. 386 (1987)).  Because the plaintiff is the

3

master of his complaint, the fact that a claim could be stated under federal law does not prevent a plaintiff from only stating it under state law. *Eastman*, 438 F.3d at 550.

### III.  ANALYSIS

#### A.  Plaintiffs' Motion to Remand was Timely Filed

Defendant's response to the motion to remand argues that Plaintiffs have forfeited their CAFA exception arguments by moving for remand too late.

All of the CAFA exceptions cited by Plaintiffs in their motion to remand refer to a federal district court's *declining* to exercise jurisdiction, either mandatorily or voluntarily. Therefore, these exceptions presume that the Court does in fact have jurisdiction over the action. Accordingly, these exceptions can be waived by a plaintiff's failure to timely invoke them. *Clark v. Lender Processing Servs.*, 562 F. App'x 460, 465 (6th Cir. 2014); *see also Graphic Comm'ns Local 1B Health & Welfare Fund A v. CVS Caremark Corp.*, 636 F.3d 971, 973 (8th Cir. 2011); *Visendi v. Bank of Am., N.A.*, 733 F.3d 863, 869–70 (9th Cir. 2013).

However, although the Sixth Circuit has ruled that the CAFA exceptions are waivable, it has not ruled on exactly *when* these exceptions are waived, and other circuit courts have issued divergent rulings. The Fifth Circuit has ruled that CAFA objections are waived if not filed within 30 days of removal, citing 28 U.S.C. § 1447, which states that "a motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal[.]" *In re Shell Oil Co.*, 932 F.2d 1518, 1521 (5th Cir.), *cert. denied*, 502 U.S. 1049 (1991) ("section 1447(c) "requires remand *on any ground other than lack of subject*

4

*matter jurisdiction* to be sought within 30 days of the filing of a notice of removal")
(quoting 14A Charles A. Wright, et al., Federal Practice and Procedure § 3739, at 95 (2d
ed. Supp.1990)) (emphasis the court's); *Williams v. A C Spark Plugs Div. of Gen'l Motors
Corp.*, 985 F.2d 783, 787 (5th Cir. 1993) ("Only in the case of a lack of subject matter
jurisdiction . . . may the plaintiff object to removal after the thirty-day limit. Any other
objection is procedural and waived after thirty days.").

     However, other circuits have ruled differently regarding when a CAFA exception
is waived on the premise that the CAFA exceptions operate as abstention doctrines. *See,
e.g., Graphic Communications Local 1B Health & Welfare Fund "A" v. CVS Caremark
Corp.,* 636 F.3d 971, 973 (8th Cir. 2011) (local controversy exception); *Gold v. New York
Life Ins. Co.*, 730 F.3d 137, 141-142 (2d Cir. 2013) (home state controversy exception).
As the United States Supreme Court held in *Quackenbush v. Allstate Ins. Co.,* 517 U.S.
706, 712 (1996), an "abstention-based remand order does not fall into either category of
remand order described in § 1447(c), as it is not based on lack of subject matter
jurisdiction or defects in removal procedure." Therefore, the federal appellate courts that
have found the CAFA exceptions to be "abstention-based" have held that the 30-day
limitation of § 1447(c) does not apply to a motion to remand on the basis of abstention.
*See Hinson v. Norwest Fin. S.C., Inc.,* 239 F.3d 611, 614 (4th Cir. 2001) (affirming grant
of motion to remand filed more than 30 days after removal, based on discretion to abstain
from exercising jurisdiction, and stating that "[s]ection 1447(c) is . . . not applicable");
*Graphic Communications v. CVS Caremark,* 636 F.3d at 974–976 (8th Cir. 2011) (stating
that "doctrines such as abstention" are "outside the . . . bounds" of § 1447(c)); *Kamm v.*

*ITEX Corp.,* 568 F.3d 752, 756 (9th Cir. 2009) (stating that "remands based on abstention . . . are not covered by § 1447(c)," analogizing remand motion based on forum selection clause to abstention-based motion, and holding that the 30-day limit did not apply); *Snapper v. Redan,* 171 F.3d 1249, 1252–1260 (11th Cir. 1999) (reviewing history of § 1447(c), and stating that "a determination that a federal court should abstain in a particular case . . . does not mean the removal was defective" and that "the term 'defect'" in § 1447(c) only "refers to removal defects"); *Melahn v. Pennock Ins., Inc.,* 965 F.2d 1497, 1503 (8th Cir. 1992) ("We decline . . . to apply the thirty-day rule to bar the plaintiff's 'untimely' motion to remand based upon abstention."); *Abdale v. North Shore-Long Island Jewish Health System, Inc.,* 2014 WL 2945741 at *7–*8 (E.D.N.Y. 2014) (based on the decisions of *Gold* and *Graphic Communications*, "remand motions based on CAFA need only be raised within a 'reasonable time,' not within the thirty-day deadline under 28 U.S.C. § 1447(c)"); *Lippincott V. PNC Bank, N.A.,* 2012 WL 1894275 at *4 (D. Md. 2012).

      The Court holds that the majority view expressed by circuit courts, other than the Court of Appeals for the Fifth Circuit is correct, and that the CAFA exceptions are not implicated by the 30-day deadline to move for remand in 28 U.S.C. § 1447(c) because the CAFA exceptions are abstention guidelines and a remand based on a CAFA exception is therefore not based on a "defect" in jurisdiction as contemplated by the statute. Accordingly, Plaintiffs' motion to remand is timely so long as it was filed within a "reasonable" time.

6

Plaintiffs' motion to remand was filed within a reasonable time to permit the Court to evaluate the motion on its merits. The motion to remand was filed 35 days after the removal, only five days longer than the time limit Defendants wished to impose. There had not been significant activity in the civil action at the time the motion to remand was filed; Defendants' joint motion to dismiss had only been filed seven days earlier (following an extension of time requested by Defendants and granted by the Court). Under the circumstances, evaluation of the motion to remand on its merits is appropriate.

> **B.  Due to the local nature of this civil Action, the Court declines jurisdiction of this action via the Class Action Fairness Act of 2005's "totality of the circumstances" exception to jurisdiction.**

Defendants' notice of removal claimed that this Court had jurisdiction over this matter under the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. §§ 1332(d). (Doc. 1, at 1). CAFA gives federal district courts original jurisdiction over any class action in which the putative class consists of more than 100 members and the amount in controversy is in excess of $5,000,000. 28 U.S.C. § 1332(d)(2), (5). Plaintiff concedes that these jurisdictional requirements are met. However, Plaintiff claims that multiple exceptions to jurisdiction contained in CAFA apply.

An important factor for evaluating whether certain exceptions to federal jurisdiction under CAFA apply is what percentage of putative class members reside in the initial forum state. Under CAFA, a district court must decline jurisdiction if greater than two-thirds of the members of all proposed plaintiff classes in the aggregate are citizens of the State in which the action was originally filed and at least one significant defendant is a citizen of the State in which the action was originally filed. 28 U.S.C. § 1332(d)(4)(A).

7

A district court must also decline jurisdiction if greater than two-thirds of the members of all proposed plaintiff classes in the aggregate are citizens of the State in which the action was originally filed and all of the primary defendants are citizens of that state. 28 U.S.C. § 1332(d)(4)(B).

Not all putative class members in this case are known at this time; however, the data available to this Court demonstrates that less than two-thirds of the putative class members are citizens of Ohio. In Plaintiff's own provided sampling of potential class members, consisting of 42 known Plaintiffs suing Journey Lite, 57% of the sample is from Ohio, less than the two thirds needed to require the Court to decline jurisdiction. (Doc. 12-3, at 1). Exact counts of class members are not required for the Court to evaluate the applicability of the CAFA exceptions, and the Court extrapolates from the available data that less than two thirds of potential class members in this case are residents of Ohio.[1] Accordingly, neither of the two CAFA exceptions contained in 28 U.S.C. § 1332(d)(4)(A)–(B) that would require the Court to decline to exercise jurisdiction apply.

Because a sampling of potential class members indicates that less than two thirds of putative class members are citizens of Ohio, the only mechanism available for denying

---

[1] Plaintiffs request that the Court allow limited discovery on the issue of class composition to assist in a determination of what percentage of the putative class resides in Ohio, citing previous federal cases where such discovery was allowed. (Doc. 17, at 5–8). The Court does not find that necessary. Although the Court could allow such discovery were the Court to determine that the sample size of known potential Plaintiffs was insufficient to make a determination, the 42-person sample size provided by Plaintiff is sufficient to rule without additional discovery.

jurisdiction of this class action is 28 U.S.C. § 1332(d)(3), CAFA's "totality of the circumstances" exception, which states:

> **(3)** A district court may, in the interests of justice and looking at the totality of the circumstances, decline to exercise jurisdiction under paragraph (2) over a class action in which greater than one-third but less than two-thirds of the members of all proposed plaintiff classes in the aggregate and the primary defendants are citizens of the State in which the action was originally filed based on consideration of—
> **(A)** whether the claims asserted involve matters of national or interstate interest;
> **(B)** whether the claims asserted will be governed by laws of the State in which the action was originally filed or by the laws of other States;
> **(C)** whether the class action has been pleaded in a manner that seeks to avoid Federal jurisdiction;
> **(D)** whether the action was brought in a forum with a distinct nexus with the class members, the alleged harm, or the defendants;
> **(E)** whether the number of citizens of the State in which the action was originally filed in all proposed plaintiff classes in the aggregate is substantially larger than the number of citizens from any other State, and the citizenship of the other members of the proposed class is dispersed among a substantial number of States; and
> **(F)** whether, during the 3-year period preceding the filing of that class action, 1 or more other class actions asserting the same or similar claims on behalf of the same or other persons have been filed.

28 U.S.C. § 1332(d)(3).

In order for the Court to invoke CAFA's "totality of the circumstances" exception, there must be a finding that the "primary defendants" are citizens of the state in which the action was originally filed. The Sixth Circuit has not defined a primary defendant for CAFA purposes.

After reviewing the Complaint, the Court identifies Defendant Journey Lite of Cincinnati, LLC as the primary defendant in this case. The claims in the Complaint all

stem from surgeries performed on Plaintiffs at Journey Lite, and allege that Journey Lite violated Ohio law by failing to properly provide itemized billing. The other Defendants in the case are present by virtue of some connection to Journey Lite—some are individual employees (or former employees) of Journey Lite, and others are partial owners of Journey Lite. Journey Lite, however, is the nexus connecting all claims and parties, and therefore is the primary defendant for purposes of evaluating the CAFA exceptions. Journey Lite is a citizen of Ohio, where Plaintiffs initially filed this action—accordingly, the Court may decline jurisdiction under CAFA's totality of the circumstances exception.

Defendants argue that there is no primary defendant in this case because the claims against all Defendants are without merit and should be dismissed under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim. Defendants ask the Court to simultaneously evaluate their pending motion to dismiss along with the motion to remand so as to find that remand is improper as there are in fact no meritorious claims and therefore no primary defendants. The Court rejects the assertion that any court reviewing the applicability of exceptions under CAFA must conduct a 12(b)(6) analysis to determine if the claims outlined in the Complaint survive 12(b)(6) review. For purposes of evaluating jurisdiction, it is enough that Plaintiffs have stated cognizable claims and that the claims center on Journey Lite as the primary defendant. It will be up to the court that ultimately has jurisdiction over this case, whether that it this Court or a state court, to evaluate Defendants' arguments based on Rule 12(b)(6).

Since the primary defendant in this case is a resident of Ohio, the state where this action was originally filed, the Court turns to the six factors listed above to determine

10

whether to decline jurisdiction in this case. On balance, these factors favor this Court's declining jurisdiction in this case. Most significantly, this case is a case of local interest, particularly situated around events and parties in the Cincinnati area. This case does not appear to the Court to be specifically pled to avoid federal jurisdiction. There is a clearly distinct nexus between the alleged harm and Plaintiff's chosen forum—all the surgeries in question allegedly occurred at Journey Lite's facility in Cincinnati.

Defendants argue that federal law will largely govern the claims, as Defendants were forced to follow federal billing law per the Health Insurance Portability and Accountability Act (HIPAA), 45 CFR 160.201 et seq. Defendants thus argue that to the extent that their billing practices did not conform to Ohio law, they conformed to HIPAA, and Ohio law is therefore preempted. However, the claims in the Complaint are reliant only upon alleged violations of Ohio law. While federal preemption may prove to be a valid defense, it does not necessarily entitle a Defendant to federal jurisdiction. In this case, with primarily local implications, it is appropriate for a state court to adjudicate a case based on alleged violations of state law, even if that court will have to evaluate the merits of a federal preemption defense. The Court additionally rejects Defendant's unsupported accusations that Plaintiffs in this case should have raised HIPAA in their Complaint but chose not to so as to avoid federal jurisdiction.

Actions similar to the civil action before the Court have been filed against Defendants in the last three years, including by Plaintiffs who overlap with the putative class in the current action. This weighs against the Court's decision to decline jurisdiction. Specifically, in *Arnold et al. v. Alphatec Spine, Inc., et al.*, S.D. Ohio Case

11

No. 1:13-cv-714, Plaintiffs pled class action claims against Defendants alleging violations of the federal RICO act. Those claims included an allegation that Defendants had engaged in "false billing practices," an allegation which is repeated in the Complaint currently before this Court. However, this is but one of six factors, and on the whole, it is appropriate for an Ohio state court to hear this case.

### IV.     CONCLUSION

Accordingly, for the reasons presented above:

(1)     Plaintiff's motion to remand (Doc. 12) is **GRANTED**;

(2)     All additional pending motions (Docs. 11, 18) are **DENIED AS MOOT**;

(3)     This case is **REMANDED** to the state court from which it was removed;

(4)     The Clerk shall enter judgment accordingly;

(5)     This case is **TERMINATED** from the Court's docket.

**IT IS SO ORDERED.**


Date: _____2/8/17_____            _____Timothy S. Black_____
                                            Timothy S. Black
                                            United States District Judge